UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Case No. CR- 1-05-137 |
| | : | |
| vs. | : | SECOND |
| | : | SUPERSEDING |
| | : | **INDICTMENT** |
| | : | 18 U.S.C. § 1959 |
| | : | 18 U.S.C. § 922 (g)(1) |
| GARY MYLES (1) | : | 18 U.S.C. § 924 (a)(2) |
| KOFI COOPER (2) | : | 18 U.S.C. § 924 (c)(1) and ( j) |
| GINO FREEMAN (3) | : | 21 U.S.C. § 841 (a)(1) |
| JEFFREY PITTS (4) | : | 21 U.S.C. § 841 (b)(1)(A)(I) |
| RANDY MARTIN (5) | : | 26 U.S.C. § 5841 |
| DERRICK KNOX (6) | : | 26 U.S.C. § 5861(d) |
| BETHANY NOTESTINE (7) | : | 26 U.S.C. § 5871 |
| RENO LATTIMORE (8) | : | 18 U.S.C. § 2 |
| ROBERT MAYBERRY (9) | : | 21 U.S.C. § 846 |

Barrett, J

**THE GRAND JURY CHARGES THAT:**

<u>COUNT 1</u>

Beginning from on or about January 1, 2001, the exact date being unknown to the Grand Jury, and continuing up to and including the date of this Indictment, in the Southern District of Ohio, and elsewhere, **GARY MYLES** (a/k/a "G-Nut"), **KOFI COOPER, GINO FREEMAN** (a/k/a "G"), **JEFFREY PITTS** (a/k/a "Nice" and "Nite Nite"), **RANDY MARTIN** (a/k/a "Ru"), **DERRICK KNOX** (a/k/a "Chavez" and "Tez"), **RENO LATTIMORE** (a/k/a Snoop), **ROBERT MAYBERRY** (a/k/a "One Eyed Kenny") , **BETHANY NOTESTINE** (a/k/a "Diamond Shine"), the defendants herein, and others both known and unknown to the Grand Jury, did knowingly, willfully, intentionally, and unlawfully combine, conspire, confederate, and agree, and have a tacit understanding with each other, to commit offenses against the United

States, to wit: to knowingly, willfully, intentionally, and unlawfully distribute and attempt to distribute and possess with intent to distribute heroin, a Schedule I Controlled Substance in an amount in excess of one kilogram and cocaine, a Schedule II Controlled Substance in a measurable amount, in violation of 21 U.S.C. § 846 and §§ 841(a)(1), (b)(1)(A)(I) and (c).

It was a part of the conspiracy that **GARY MYLES** and **GINO FREEMAN**, would obtain multi-kilogram quantities of heroin from sources of supply in New York, New York and elsewhere for distribution to persons known and unknown in Cincinnati, Ohio and elsewhere.

It was further a part of the conspiracy that **GARY MYLES** and **GINO FREEMAN** would cause the heroin to be transported from New York, New York and elsewhere to Cincinnati, Ohio in automobiles owned by **BETHANY NOTESTINE** and others.

It was a part of the conspiracy that **GARY MYLES** and **GINO FREEMAN**, would obtain quantities of cocaine for distribution to persons known and unknown in Cincinnati, Ohio and elsewhere.

It was further part of the conspiracy that persons known to the grand jury acted as couriers of drugs and/or money for **GARY MYLES** and **GINO FREEMAN.**

It was further a part of the conspiracy that **KOFI COOPER, JEFFREY PITTS, RANDY MARTIN, DERRICK KNOX, RENO LATTIMORE, BETHANY NOTESTINE** would supply apartments in Cincinnati, Ohio, to store narcotics and firearms and to count currency for the organization.

It was further a part of the conspiracy that **GARY MYLES, GINO FREEMAN, KOFI COOPER, JEFFREY PITTS, DERRICK KNOX,** and **RANDY MARTIN** would carry and maintain firearms to protect their money and narcotics.

It was further a part of the conspiracy that **GARY MYLES, GINO FREEMAN, KOFI COOPER, JEFFREY PITTS, DERRICK KNOX,** and **RANDY MARTIN** would use violence and intimidation against other drug dealers to further the groups drug operation.

In furtherance of the conspiracy and in order to accomplish its objectives the defendants committed among others the following;

## OVERT ACTS

1. Beginning on or about January 1, 2001 and continuing up to the date of this Indictment, members of the organization traveled to New York, New York and elsewhere to obtain heroin to distribute within the Southern District of Ohio.

2. On or about October 9, 2003, **GARY MYLES** and **JEFFREY PITTS** possessed firearms and a Schedule I Controlled Substance, to wit; heroin.

3. On or about November 7, 2003, **GARY MYLES** and **GINO FREEMAN** possessed a Schedule I Controlled Substance, to wit; heroin.

4. On or about December 28, 2003 **GINO FREEMAN** and **KOFI COOPER**, along with another person known to the Grand Jury, did arrange to distribute Schedule I Controlled Substance to wit; heroin to an undercover police officer.

5. On or about On or about April 4, 2004, **JEFFREY PITTS** possessed a Schedule II Controlled Substances to wit; crack cocaine and powder cocaine and a Schedule I Controlled Substance to wit; heroin.

6. On or about January 7, 2005, **KOFI COOPER** and **JEFFERY PITTS**, along with others known to the Grand Jury, did shoot Darrick Boston.

7. On or about March 1, 2005, the exact dates being unknown, **GINO FREEMAN** did engage in the "fronted" purchase of three kilograms of cocaine from Antonio Whitehead.

8. On or about March 6, 2005, Michael Dunham was threatened at gunpoint by **JEFFREY PITTS** and **RANDY MARTIN** to prevent Dunham from testifying against **PITTS** in another case.

9. On or about April 29, 2005, **DERRICK KNOX, BETHANY NOTESTINE, GINO FREEMAN, RANDY MARTIN,** and **JEFFREY PITTS** possessed a Schedule I Controlled Substance, to wit; heroin and firearms and body armor.

10. On or about July 24, 2005, **KOFI COOPER** met Gregory Ellis at Vito's Lounge in Cincinnati, Ohio. Later that night, Cooper and others known and unknown to the grand jury participated in the robbery and murder of Ellis.

11. On or about July 29, 2005, **KOFI COOPER** and **GINO FREEMAN** possessed a Schedule I Controlled Substance, to wit; heroin, ammunition, and firearms including an unregistered shotgun at **KOFI COOPER's** apartment located on Shaw Avenue in Cincinnati, Ohio.

12. On or about August 1, 2005, **KOFI COOPER** possessed a loaded .45 caliber handgun and digital scales in the center console of the rental car that she was driving.

13. On or about August 2, 2005, **KOFI COOPER** was in possession of 7.62 x 39 caliber rifle rounds in the trunk of her Mercedes Benz.

14. On or about August 3, 2005, **DERRICK KNOX** was in possession of a Schedule I Controlled Substance, to wit: heroin.

15. On or about September 23, 2005, **DERRICK KNOX** possessed a firearm, heroin, ammunition and a bullet proof vest.

**In violation of 21 U.S.C. § 846.**

## COUNT 2

1. At all times material to this Indictment, **KOFI COOPER,** the defendant, and **GARY MYLES** (a/k/a "G-Nut"), **GINO FREEMAN** (a/k/a "G"), **JEFFREY PITTS** (a/k/a "Nice" and "Nite Nite"), **RANDY MARTIN** (a/k/a "Ru"), **DERRICK KNOX** (a/k/a "Chavez" and "Tez"), **BETHANY NOTESTINE** (a/k/a "Diamond Shine"), the defendants, and others both known and unknown to the Grand Jury, were members and associates of the "**GRIMMIE NETWORK**" (a/k/a "A-1 DARKSIDE,") a criminal organization whose members and associates engaged in acts of violence, including robbery, and narcotics distribution, and which operated principally in the greater Cincinnati area.

2. The **GRIMMIE NETWORK** (a/k/a A-1 DARKSIDE), including its leadership, members and associates, constituted an "enterprise," as defined by Title 18, United States Code, Section 1959(b)(2) (hereinafter "the enterprise"), that is, a group of individuals associated in fact that engaged in, and the activities of which affected, interstate and foreign commerce. The enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise.

### Purposes of the Enterprise

3. The purposes of the enterprise included the following:

    a. Enriching the members and associates of the enterprise through, among other things, murder, robbery, and distribution of narcotics.

      b.      Preserving and protecting the power, territory and profits of the enterprise through the use of intimidation, violence, threats of violence, assaults and murder.

      c.      Promoting and enhancing the enterprise and its members' and associates' activities.

      d.      Keeping victims in fear of the enterprise and in fear of its members and associates through threats of violence and violence.

## Means and Methods of the Enterprise

4. Among the means and methods by which the defendants and their associates conducted and participated in the conduct of the affairs of the enterprise were the following:

    a. Members of the enterprise and their associates committed, attempted and threatened to commit acts to protect and expand the enterprise's criminal operations.

    b. Members of the enterprise and their associates promoted a climate of fear through violence and threats of violence.

    c. Members of the enterprise and their associates used and threatened to use physical violence against various individuals.

    d. Members of the enterprise and their associates trafficked in heroin.

## Roles of the Members of the Enterprise

5. At all times material to this Indictment, the defendant, **GARY MYLES**, was a leader of the enterprise who directed other members of the enterprise in carrying out unlawful and other activities in furtherance of the conduct of the enterprise's affairs.

6. At all times material to this Indictment, **GINO FREEMAN** was a leader of the enterprise who directed other members of the enterprise in carrying out unlawful and other

activities in furtherance of the conduct of the enterprise's affairs.

7. At all times material to this Indictment, **JEFFREY PITTS**, under the direction of a leader of the enterprise, participated in unlawful and other activities in furtherance of the conduct of the enterprise's affairs.

8. At all times material to this Indictment, the defendant, **KOFI COOPER**, under the direction of a leader of the enterprise, participated in unlawful and other activities in furtherance of the conduct of the enterprise's affairs.

9. At all times material to this Indictment, **RANDY MARTIN**, under the direction of a leader of the enterprise, participated in unlawful and other activities in furtherance of the conduct of the enterprise's affairs.

10. At all times material to this Indictment, **DERRICK KNOX**, under the direction of a leader of the enterprise, participated in unlawful and other activities in furtherance of the conduct of the enterprise's affairs.

11. At all times material to this Indictment, **BETHANY NOTESTINE,** under the direction of a leader of the enterprise, participated in unlawful and other activities in furtherance of the conduct of the enterprise's affairs.

12. From on or about January 1, 2001, up to and including the date of this Indictment, the exact dates being unknown to the Grand Jury, the above-described enterprise, through its members and associates, engaged in acts of racketeering as defined in Title 18, United States Code, Section 1961(1), namely, acts of drug distribution in violation of Title 18, United States Code, Sections 841 and 846.

13. On or about July 24, 2005, in the Southern District of Ohio, as consideration for the receipt of, and as consideration for a promise and agreement to pay, a thing of pecuniary value, and for the purpose of maintaining or increasing her position in the **GRIMMIE NETWORK, aka A-1 DARKSIDE**, an enterprise engaged in racketeering activity, the defendant, **KOFI COOPER** and others known to the Grand Jury, did rob and murder Gregory Ellis, in violation of Title 29, Ohio Revised Code, Section 2903.01(b).

**All in violation of Title 18 U.S.C. § 1959(a)(1).**

### COUNT 3

On or about July 24, 2005, in the Southern District of Ohio, the defendants, **KOFI COOPER** and others known and unknown to the Grand Jury, in furtherance of a crime of violence for which **KOFI COOPER** could be prosecuted in a court of the United States, did possess and discharge a firearm, to wit: a 9mm handgun. Such action did cause the death of Gregory Ellis.

**In violation of Title 18 U.S.C. § 924 (c)(1) , (j) (1) and §2.**

### COUNT 4

On or about January 7, 2005, in the Southern District of Ohio, the defendants, **KOFI COOPER and JEFFREY PITTS**, in furtherance of a crime of violence offense for which **KOFI COOPER and JEFFREY PITTS** could be prosecuted in a court of the United States, did possess and discharge a firearm.

**In violation of Title 18 U.S.C. § 924 (c)(1) (A)(iii) and §2.**

## COUNT 5

On or about July 29, 2005, in the Southern District of Ohio, the defendant, **KOFI COOPER** and others known and unknown to the Grand Jury did knowingly and intentionally Possess with the Intent to Distribute a Schedule I Controlled Substance, to wit: Heroin in an amount in excess of 100 grams.

**In violation of Title 21 U.S.C. § 841 (a)(1) and (b)(1)(B)(I) and § 2.**

## COUNT 6

On or about July 29, 2005, in the Southern District of Ohio, the defendants, **KOFI COOPER** and **GINO FREEMAN,** in furtherance of a drug trafficking offense for which **KOFI COOPER** and **GINO FREEMAN** could be prosecuted in a court of the United States, did possess a firearm, to wit: a S/S, model Street Sweeper, 12 gauge shotgun, serial number 12782.

**In violation of Title 18 U.S.C. § 924 (c)(1) and § 2.**

## COUNT 7

On or about July 29, 2005, in the Southern District of Ohio, the defendant, **KOFI COOPER,** having been convicted of crimes punishable by imprisonment for a term exceeding one (1) year, that is, Felonious Assault and Receiving Stolen Property, in case number B-95-05338 in the Hamilton County Court of Common Pleas, Hamilton County, Ohio, and Aggravated Robbery in case number B-95-08650 in the Hamilton County Court of Common Pleas, Hamilton County, Ohio, did knowingly possess a firearm in and affecting commerce, to wit: a S/S, model Street Sweeper, 12 gauge shotgun, serial number 12782, which had been

shipped or transported in interstate commerce.

**In violation of Title 18 U.S.C. § 922 (g)(1), § 924 (a)(2) and § 2.**

### COUNT 8

On or about July 29, 2005, in the Southern District of Ohio, the defendant, **GINO FREEMAN,** having been convicted of crimes punishable by imprisonment for a term exceeding one (1) year, that is, Trafficking in Heroin, in case number B-03-12282 in the Hamilton County Court of Common Pleas, Hamilton County, Ohio, and Carrying a Concealed Weapon and Weapon Under Disability in case number B-05- 01516 in the Hamilton County Court of Common Pleas, Hamilton County, Ohio, did knowingly possess a firearm in and affecting commerce, to wit: a S/S, model Street Sweeper, 12 gauge shotgun, serial number 12782, which had been shipped or transported in interstate commerce.

**In violation of Title 18 U.S.C. § 922 (g)(1) and § 924 (a)(2).**

### COUNT 9

On or about August 1, 2005, in the Southern District of Ohio, the defendant, **KOFI COOPER,** having been convicted of crimes punishable by imprisonment for a term exceeding one (1) year, that is, Felonious Assault and Receiving Stolen Property, in case number B-95-05338 in the Hamilton County Court of Common Pleas, Hamilton County, Ohio, and Aggravated Robbery in case number B-95-08650 in the Hamilton County Court of Common Pleas, Hamilton County, Ohio, did knowingly possess a firearm in and affecting commerce, to wit: a Glock,

model 36, .45 cal. semi-automatic, serial number FBS722, which had been shipped or transported in interstate commerce.

**In violation of Title 18 U.S.C. § 922 (g)(1) and § 924 (a)(2).**

## COUNT 10

On or about August 1, 2005, in the Southern District of Ohio, the defendant, **KOFI COOPER**, in furtherance of a drug trafficking offense for which **KOFI COOPER** could be prosecuted in a court of the United States, did possess a firearm, to wit: a Glock, model 36, .45 cal. semi-automatic, serial number FBS722.

**In violation of Title 18 U.S.C. § 924 (c)(1).**

## COUNT 11

On or about July 29, 2005, in the Southern District of Ohio, the defendant, **KOFI COOPER,** having been convicted of crimes punishable by imprisonment for a term exceeding one (1) year, that is, Felonious Assault and Receiving Stolen Property, in case number B-95-05338 in the Hamilton County Court of Common Pleas, Hamilton County, Ohio, and Aggravated Robbery in case number B-95-08650 in the Hamilton County Court of Common Pleas, Hamilton County, Ohio, did knowingly possess ammunition, to wit 9mm. and .45 caliber shells which had been shipped or transported in interstate commerce.

**In violation of Title 18 U.S.C. § 922 (g)(1), §§ 924 (a)(2) and § 2 .**

## COUNT 12

On or about August 2, 2005, in the Southern District of Ohio, the defendant, **KOFI COOPER,** having been convicted of crimes punishable by imprisonment for a term exceeding one (1) year, that is, Felonious Assault and Receiving Stolen Property, in case number B-95-05338 in the Hamilton County Court of Common Pleas, Hamilton County, Ohio, and Aggravated Robbery in case number B-95-08650 in the Hamilton County Court of Common Pleas, Hamilton County, Ohio, did knowingly possess ammunition, to wit; twenty-nine (29) 7.62 caliber shells, which had been shipped or transported in interstate commerce.

**In violation of Title 18 U.S.C. § 922 (g)(1) and §§ 924 (a)(2).**

## COUNT 13

On or about July 29, 2005, in the Southern District of Ohio, the defendant, **KOFI COOPER,** having been convicted of crimes punishable by imprisonment for a term exceeding one (1) year, that is, Felonious Assault and Receiving Stolen Property, in case number B-95-05338 in the Hamilton County Court of Common Pleas, Hamilton County, Ohio, and Aggravated Robbery in case number B-95-08650 in the Hamilton County Court of Common Pleas, Hamilton County, Ohio, did knowingly possess ammunition in and affecting commerce, to wit: 12 gauge shotgun shells, which had been shipped or transported in interstate commerce.

**In violation of Title 18 U.S.C. § 922 (g)(1) and § 924 (a)(2).**

## COUNT 14

On or about July 29, 2005, in the Southern District of Ohio, the defendants, **KOFI COOPER** and **GINO FREEMAN,** knowingly possessed a firearm, to wit: a S/S, model Street Sweeper, 12 gauge shotgun, serial number 12782, not registered in the National Firearms Registration and Transfer Record.

In violation of Title 26 U.S.C. § 5841, § 5861 (d), § 5871 and § 2.

A TRUE BILL.

/s/
_____
**GRAND JURY FOREPERSON**

**GREGORY G. LOCKHART**
**United States Attorney**

_____
**RALPH W. KOHNEN**
**Deputy Criminal Chief**